**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| VERRINA SHIELDS BEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Cv. No. 2:15-cv-02496-STA-tmp |
| v. | ) | |
| | ) | |
| HSBC BANK USA, N.A., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**
**OF MAGISTRATE JUDGE**

Magistrate Judge Tu M. Pham has issued a report in this matter (ECF No. 26),
recommending that Plaintiff's Motion to Dismiss and Remand (ECF No. 8) be denied.[1] Plaintiff
has filed objections to the Report and Recommendation, (ECF No. 28), and Defendants have
filed a response to Plaintiff's objections. (ECF No. 31.) Having reviewed the record and the
controlling case law, the Court agrees with the Magistrate Judge's decision and **ADOPTS** the
report and recommendation for the reasons set forth below.

As explained by Magistrate Judge Pham, this action arises out of the foreclosure sale of
three parcels of real property due to the alleged default on loans secured by deeds of trust on the
properties. Plaintiff is named as the borrower on the deeds of trust. After Ocwen, the servicer of
the loans, proceeded with foreclosure sales on the properties, Plaintiff filed an action against
Defendants in the Chancery Court for Shelby County, Tennessee, disputing the amount of debt

---

[1]  Magistrate Judge Pham noted that Plaintiff's motion does not seek the dismissal of any
claims. Therefore, he treated it strictly as a motion to remand. (Rept. & Rec., p. 1 n. 1 (ECF No.
26.)).

owed to Defendants and seeking injunctive relief, declaratory judgment, issuance of a fiat, and recoupment and set-off for each of the properties. Defendants filed a Notice of Removal, asserting that removal is proper pursuant to 28 U.S.C. § 1332 because this is a civil action between parties whose citizenship is completely diverse, and the amount in controversy exceeds $75,000. (ECF No. 1.)

Plaintiff argues that Defendants have "violated procedure and this trick is an attempt to include the District Court in their chicanery." (ECF No. 8.) She contends that, because she has filed another suit in state court concerning one of the properties, the present lawsuit "cannot be heard, viewed, reviewed by this court because it has no jurisdiction, subject matter jurisdiction or any jurisdiction in 'Public Policy' or otherwise." (ECF No. 28.)

Under 28 U.S.C. § 1332, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Defendants have alleged that Plaintiff is a citizen of Tennessee, Ocwen is a citizen of Florida, HSBC is a citizen of Virginia, and BNY Mellon is a citizen of California. Plaintiff does not challenge this assertion. Therefore, the Magistrate Judge correctly determined that there is complete diversity between Plaintiff and Defendants.[2]

In addition to the complete diversity requirement, Defendants must show that the requisite amount in controversy is met in order for this Court to exercise § 1332 jurisdiction. "Courts discern the amount in controversy by consulting the face of the complaint and accepting

---

[2] A federal court has jurisdiction under § 1332 only if there is "complete diversity between all plaintiffs and all defendants." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (internal citations omitted).

the plaintiff's good faith allegations."[3]  Plaintiff's complaint requests, *inter alia*, recoupment and set-off totaling $465,000.  Therefore, the Magistrate Judge correctly found that the amount in controversy requirement has been met.

Plaintiff argues that this Court cannot exercise jurisdiction because she has another case pending in state court involving one of the properties.  As pointed out by the Magistrate Judge, there is no authority to support Plaintiff's assertion that a separate lawsuit pending in state court divests the Court's jurisdiction over this case, which was originally filed in a different state court.

Because the Court finds that the exercise of § 1332 jurisdiction in this case is proper, the Report and Recommendation of the Magistrate Judge is **ADOPTED**, and Plaintiff's Motion to Dismiss and Remand is **DENIED**.

**IT IS SO ORDERED.**

s/ **S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: November 17, 2015.

-

---

[3]  *Thornton v. Comerica Bank*, 510 F. App'x 439, 440 (6th Cir. 2013).