UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| VERRINA SHIELDS BEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 15-2496-STA-tmp |
| | ) | |
| HSBC BANK USA, N.A., et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER ADOPTING REPORT AND RECOMMENDATION
OF MAGISTRATE JUDGE
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

Before the Court is the United States Magistrate Judge's Report and Recommendation that Defendants' motion for judgment on the pleadings (ECF No. 48) be granted and that Plaintiff's motion for summary judgment (ECF No. 49) be denied. Magistrate Judge Tu M. Pham submitted his Report and Recommendation on January 29, 2016. (ECF No. 57.) Plaintiff has filed objections to the Magistrate Judge's Report (ECF No. 58) and "supporting evidence." (ECF No. 59.) Defendants have filed a response to Plaintiff's objections. (ECF No. 60.) Having reviewed the Magistrate Judge's Report and Recommendation *de novo* and the entire record of the proceedings, the Court hereby **ADOPTS** the Report and Recommendation in its entirety. Defendants' motion for

judgment on the pleadings is **GRANTED**, and Plaintiff's motion for summary judgment is **DENIED**.

If a party objects within the allotted time to a report and recommendation on a dispositive motion, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."[1]  Parties must file specific objections; "[t]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object."[2]  "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object."[3]  Therefore, to the extent that Plaintiff has made "vague, general, or conclusory objections," such as recitations of paragraphs from previous pleadings, those objections are waived, and the Court will consider only the portions of the Report and Recommendation to which Plaintiff made specific objections.

As noted by Magistrate Judge Pham, this action arises from the foreclosure sale of three parcels of real property; the foreclosure sale took place due to the alleged default on three loans secured by deeds of trust which named Plaintiff as the borrower. Plaintiff filed suit against Defendants disputing the amount owed and generally alleging claims of

---

[1] 28 U.S.C. § 636(b) (1); *see also* Fed. R.Civ. P. 72(b).

[2] *Cole v. Yukins*, 2001 WL 303507 *1 (6th Cir. March 19, 2001) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)).

[3] *Howard v. Sec'y of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991).

fraud, violations of the Fair Debt Collection Practices Act, and violations of the Uniform Commercial Code.[4]

Plaintiff contends that Defendants have sued the "wrong person" because the real property located at 2486 Harvard is not owned by Plaintiff but, instead, is owned by the C.C. Foley Family Land Trust. The only properties described in the complaint are (1) 724 North Holmes, (2) 748 North Holmes, and (3) 3247 Yale.[5] Thus, any issues regarding the property located at 2486 Harvard are not before the Court. Therefore, this objection is without merit.

Next, Plaintiff contends that Magistrate Judge Pham did not address her claim of "bifurcation." According to Plaintiff, the "note and deed of trust have been bifurcated, and this erases any alleged debt, breaks the alleged debt contractual agreement and destroys any authorization to seek a detainer warrant, foreclose" or seek any other remedy for alleged breach of the deeds of trust.[6]

To the extent that Plaintiff claims that any note and deed of trust were bifurcated due to the involvement of the Mortgage Electronic Registration System ("MERS"), Plaintiff's claims are without merit. Courts have approved the ability of MERS, when designated as the nominee and beneficiary under a deed of trust, to assign a deed of trust

---

[4] The Magistrate Judge noted, and this Court agrees, that "the precise scope" of the claims raised by Plaintiff in her complaint and in her motion for summary judgment is "unclear." (Rep. & Rec. p. 6, ECF No. 57.)

[5] (Cmplt. p. 2, 4-5, ECF No. 1-2.)

[6] (Obj. p. 2, ECF No. 58.)

3

to another.[7] In *Thompson*, the Court explained that, under Tennessee law, "the deed of trust follows the note. Whoever holds the note owns the deed."[8] Thus, to the extent that Plaintiff is attempting to claim that the notes and deeds of trust at issue are not enforceable because they have been "bifurcated," the claim fails.

Because Magistrate Judge Pham correctly determined that Defendants were entitled to judgment on the pleadings and Plaintiff was not entitled to summary judgment, Plaintiff's objections are **OVERRULED**, and the Report and Recommendation is **ADOPTED**. Accordingly, Defendant's motion for judgment on the pleadings is **GRANTED**, and Plaintiff's motion for summary judgment is **DENIED**.

The court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should she seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Fed. R. App. P. 24(a).[9] Rule 24(a) provides that if a party seeks pauper status on appeal, she must first file a motion in the district court, along with a supporting affidavit.[10] However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to

---

[7] *See Thompson v. Bank of Am., N.A.*, 773 F.3d 741, 749-50 (6th Cir. 2014); *EverBank v. Henson*, 2015 WL 129081 *4-5 (Tenn. Ct. App. Jan. 9, 2015).

[8] 773 F.3d at 749.

[9] *See Callihan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir. 1999)

[10] Fed. R. App. P. 24(a)(1)

4

appeal *in forma pauperis*, the party must file her motion to proceed *in forma pauperis* in the Court of Appeals.[11]

The good faith standard is an objective one.[12] The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous.[13] It would be inconsistent for a district court to determine that Defendants are entitled to judgment on the pleadings but the action has sufficient merit to support an appeal *in forma pauperis*.[14] The same considerations that lead the court to grant Defendants' motion for judgment on the pleadings also compel the conclusion that an appeal would not be taken in good faith.

It is **CERTIFIED**, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiff is not taken in good faith. Leave to proceed on appeal *in forma pauperis* is, therefore, **DENIED**. Accordingly, if Plaintiff files a notice of appeal, she must also pay the full appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.[15]

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON

---

[11] Fed. R. App. P. 24(a)(4)-(5)

[12] *Coppedge v. United States*, 369 U.S. 438, 445 (1962)

[13] *Id.*

[14] *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983)

[15] Pursuant to Fed. R. App. P. 3(a), any notice of appeal should be filed in this court. A motion to appeal *in forma pauperis* then should be filed directly in the United States Court of Appeals for the Sixth Circuit. Unless she is specifically instructed to do so, Plaintiff should not send to this court copies of documents intended for filing in the Sixth Circuit.

UNITED STATES DISTRICT JUDGE

Date: April 4, 2016